UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JAMES HEALY, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

MILLIMAN, INC., d/b/a INTELLISCRIPT,

Defendant.

NO.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

1. On behalf of himself and all others similarly situated, Plaintiff James Healy ("Plaintiff" or "Mr. Healy"), by and through his attorneys, Francis Mailman Soumilas, PC, and Terrell Marshall Law Group PLLC, respectfully allege as follows:

**I. NATURE OF THE ACTION**

2. This is a consumer class action brought for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Defendant Milliman, Inc. d/b/a IntelliScript. ("Defendant" or "IntelliScript"), a consumer reporting agency ("CRA"). Defendant deprives consumers of their rights under the FCRA by failing to comply with the law by refusing to adopt procedures to assure maximum possible accuracy of a consumer's information before it prepares consumer reports. Defendant furthermore systemically fails to clearly and accurately identify to consumers the source(s) of the information that it places on their consumer reports.

CLASS ACTION COMPLAINT - 1

Defendant thus deprives consumers of valuable congressionally-mandated information and makes it more difficult for consumers such as Plaintiff to correct errors that are caused by private vendor sources, rather than the pharmacies and/or medical providers that Defendant misidentifies as its sources. Further, Defendant deprives consumers of their rights under the FCRA by failing to conduct reasonable reinvestigations when a consumer disputes, instead improperly attempting to place the burden of conducting an investigation on the consumer.

## II.  PARTIES

3.     Plaintiff James Healy is an adult individual residing in Flowery Branch, Georgia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4.     Defendant Milliman is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Defendant is authorized to do business in the State of Washington, has substantial contacts in this District, and has a principal place of business located at 1301 Fifth Avenue, Suite 3800, Seattle, Washington, 98101.

## III.  JURISDICTION & VENUE

5.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b).

## IV.  FACTUAL ALLEGATIONS

**A.    IntelliScript's Sells Reports Regarding Consumers' Prescription And Medical History.**

7.     Defendant is a specialty consumer reporting agency ("CRA") in the business of gathering and selling reports about consumers which contain information about their medical histories, including detailed histories of medications prescribed by doctors.

8.     Defendant's reports are highly detailed; prescription histories include drug name, dosage, fill date, pharmacy and physician information.[1] Medical histories include

---

[1] *See* https://www.rxhistories.com/irix/prescription-data/ (last visited Sept. 2, 2020).

CLASS ACTION COMPLAINT - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

diagnoses, hospital and physician procedures, inpatient and clinic-administered medications and medical equipment information from medical billing records.[2]

9. Defendant prepares the reports by gathering information from "multiple data sources" and compiles them onto a single report.[3]

10. Defendant obtains some of the medical history and prescription information it includes on reports directly from pharmacies and medical providers.

11. It also obtains prescription history information from third party companies known as "Pharmacy Benefit Managers."

12. Defendant represents that it obtains additional medical history information from another specialty CRA, Medical Information Bureau ("MIB").[4]

13. In addition to compiling the data from these sources, Defendant "interprets the data and generates automated decisions based on the insurer's guidelines" using a proprietary underwriting engine, "IRIX."[5]

14. Defendant prepares and sells these reports for a fee to insurance companies in connection with an application for insurance, typically life insurance or medical insurance.

15. Defendant is regulated by the FCRA, and the reports it sells are consumer reports which it intends to be used to determine consumers' eligibility for insurance.

16. Defendant compiles reports and responds to consumer inquiries using standardized policies and procedures, and does not "reinvent the wheel" with respect to each individual report or communication.

---

[2] *See* https://www.rxhistories.com/irix/medical-data/ (last visited Sept. 2, 2020).
[3] *Id.*
[4] *Id.*
[5] *Id.*

CLASS ACTION COMPLAINT - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.     IntelliScript Fails to Accurately Report Consumer Information.**

17.     Defendant fails to follow reasonable procedures to assure the maximum possible accuracy regarding the information it sells about consumers. *See* 15 U.S.C. § 1681e(b).

18.     One of the most well-known and prevalent inaccuracies that occur in the consumer reporting industry is a "mixed file."

19.     A mixed file is a consumer report in which some or all of the information in the report pertains to an individual who is not the subject of the report.

20.     The main cause of mixed files is a CRA's failure to use full identifying information to match records to the personal identifying information of consumers who are the subjects of its reports.

21.     Defendant employs policies and procedures that do not include the use of a reasonable number of identifiers, and that frequently allow the information belonging to one consumer to appear in the consumer file of another.

22.     Defendant employs these loose matching procedures in order to maximize the number of reports which contain information, accurate or not. IntelliScript intentionally employs procedures that maximize the likelihood of a match between any inquiry and some data in its database about one or more consumers, purposefully prioritizing quantity of matches over accuracy of matches.

23.     Defendant's reporting of inaccurate information is not accidental, nor a result of simple negligence, but instead a result of deliberately designed policies and procedures.

**C.     IntelliScript Improperly Shifts the Burden Of Investigating Disputes Onto Consumers and Fails to Communicate Disputes to its Third Party Sources as Required by the FCRA.**

24.     In part to combat the problems associated with inaccurate reporting, Congress included a mechanism in the FCRA by which consumers may dispute inaccurate or incomplete information in their credit files.

CLASS ACTION COMPLAINT - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

25. When a consumer notifies a CRA that he or she disputes "the completeness or accuracy of any item of information contained in [his or her] file," the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the consumer's dispute. 15 U.S.C. § 1681i(a)(1)(A).

26. It is well-established that receipt of a consumer dispute imposes a burden on a CRA to conduct a substantive investigation or delete the information – the CRA cannot shift this duty of investigation to the consumer. *See Cushman v. Trans Union, LLC*, 115 F.3d 220, 225 (3d Cir. 1997) ("a reinvestigation that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *see also Lambert v. Beneficial Mortg. Corp.*, No. 3:05-cv-05468-RBL, 2007 WL 1309542, at *5 (W.D. Wash. May 4, 2007) (quoting *Cushman*).

27. However, when consumers dispute the completeness or accuracy of prescription or medical history on IntelliScript reports, Defendant nonetheless attempts to shift the burden of conducting a reinvestigation back onto the consumer.

28. Rather than undertake a reasonable reinvestigation, Defendant responds to consumer disputes with a form communication stating that the consumer must obtain underlying documentation regarding the disputed information and send it to Defendant in order for the dispute to be verified and revisions to the report made.

29. If the consumer does not provide the requested records, Defendant takes no further action on the dispute, and will not remove inaccurate information, even when a basic investigation by Defendant would reveal the inaccuracy.

30. Defendant's refusal to conduct its own investigations without receipt of records from consumers improperly shifts the burden imposed by FCRA section 1681i(a) to the consumer, and does not constitute a reasonable reinvestigation under the statute.

CLASS ACTION COMPLAINT - 5

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

31. With respect to information Defendant obtains from other CRAs such as MIB, Defendant operates as a "reseller" of this information, and thus may comply with its FCRA reinvestigation obligations by forwarding the consumer's dispute to the CRA source of information if Defendant determines that it was not cause of the inaccuracy or incompleteness. 15 U.S.C. § 1681i(f).

32. Defendant, however, does not forward consumer disputes of information it obtains from MIB and/or other CRAs, even when Defendant determines that it was not the cause of the disputed inaccuracy or incompleteness, and therefore prevents consumers from correcting information it obtains from MIB and/or other CRAs through the dispute and reinvestigation process.

33. Defendant's failure to conduct reinvestigations of consumer disputes or forward disputes to its CRA sources of information is not a mistake or error, but a result of intentionally-adopted policies and procedures.

**D.   IntelliScript Fails to Disclose the True Source(s) of its Medical and Prescription Information.**

34. Defendant furthermore impairs consumers' ability to correct inaccuracies on the reports it sells by concealing some of the sources from which it obtains information.

35. IntelliScript purports to comply with the disclosure requirement of FCRA section 1681g(a), by providing consumers with information in their file in response to requests by consumers.

36. However, in its disclosures of information to consumers, IntelliScript fails to identify the source(s) from which it obtains information, including pharmacy benefit managers, other CRAs such as MIB, and other vendors.

37. Thus, consumers have no way of knowing whether a particular item of information was retrieved directly from a pharmacy, from a pharmacy benefit manager, from another CRA such as MIB, or a vendor.

CLASS ACTION COMPLAINT - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

38. The addition of a pharmacy benefit manager, other CRA and/or vendor into the chain of information introduces another opportunity for errors, including in personal identifying information which can cause information to be placed in the wrong consumer's file.

39. The fact that information was obtained from a pharmacy benefit manager is essential for a consumer to properly address any inaccurate reporting, so that a consumer can determine whether an error originated with the pharmacy or with a third party, and ensure that any pharmacy benefit manager does not further spread the error.

40. Similarly, disclosing other CRA sources of information such as MIB is essential so that consumers can separately contact those CRAs to determine whether any error originated with another company and prevent it from selling inaccurate information to other CRAs or end users.

41. The disclosure of MIB as a source of information is particularly important in light of Defendant's failure to forward consumer disputes of information obtained from MIB to MIB.

42. The FCRA unambiguously requires CRAs such as Defendant to "clearly and accurately disclose to the consumer" who requests his or her file "the sources" that supplied any "information" to the CRA about that consumer. 15 U.S.C. § 1681g(a)(2).

43. Disclosure of the true source of a CRA's information is vital so that consumers always know who is furnishing important information about them.

44. Nevertheless, and despite the clear mandate of FCRA § 1681g(a)(2), Defendant fails to disclose to consumers the pharmacy benefit manager sources of information that it collects and reports about them.

**E.    The Experience of the Representative Plaintiff.**

45. Plaintiff is a consumer about whom Defendant sold inaccurate prescription and medical history information, to whom Defendant failed to disclose information as required by the FCRA, and for whom Defendant refused to conduct a reasonable reinvestigation as required by the FCRA after Plaintiff disputed.

CLASS ACTION COMPLAINT - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

46. In or around April, 2020 Plaintiff applied for life insurance with Americo Financial Life and Annuity Insurance Company ("Americo").

47. In connection with his application, Americo requested a consumer report from Defendant IntelliScript about Plaintiff, including his prescription and medical history. Americo provided Defendant with Plaintiff's first and last name, social security number, and full date of birth.

48. On or about April 21, 2020, Defendant prepared a report about Plaintiff, including prescription history and medical history, and sold it to Americo for a fee.

49. Upon information and belief, Defendant obtained information that it placed on the report from one or more pharmacy benefit managers.

50. The April 21, 2020 report was grossly inaccurate.

51. The prescription history was inaccurate because it included thirteen (13) different medications that Plaintiff has never been prescribed or taken.

52. The medical history was inaccurate because it contained 176 different entries for medical care Plaintiff has never received, for conditions he has never had, including osteoarthritis, diabetes, liver disease, chest pains, and sleep apnea.

53. Despite having been provided with Plaintiff's name, address, social security number and date of birth, Defendant did not use all of those personal identifiers in determining whether to place prescription and medical history information on the report.

54. This mixing of the files was a result of Defendant's use of an imprecise matching procedure to match prescription and medical history records to individuals, such as Plaintiff.

55. On or about April 29, 2020, Americo denied Plaintiff's application for life insurance on the basis of the inaccurate IntelliScript report.

56. When Plaintiff learned he had been denied because of the IntelliScript report, he was shocked and concerned. Plaintiff immediately contacted IntelliScript and requested a copy of his file.

CLASS ACTION COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

57. On or about April 29, 2020, IntelliScript provided a response to Plaintiff's request, which consisted of a letter and a copy of the report provided to Americo.

58. IntelliScript's response to Plaintiff's request for information did not identify the pharmacy benefit manager sources of the information contained on the report, or whether any of the information on the report was obtained from MIB or any other CRA.

59. Notwithstanding the FCRA's requirements, IntelliScript deprived Plaintiff of this valuable information according to its standard practice and procedure.

60. Recognizing that the vast majority of the information on the report to Americo was inaccurate, Plaintiff contacted Defendant on or about April 29, 2020 to dispute the accuracy of the report.

61. On or about April 30, 2020, Defendant responded to Plaintiff's dispute with a communication requiring Plaintiff to complete a series of steps in order for them to process his dispute, including that he confirm his personal identifying information and "respond in writing with the full list of Item Numbers you are disputing."

62. Defendant demanded that Plaintiff "request a copy of your record from the pharmacy where these prescriptions are noted as having been filled and forward to us when you receive it." Defendant stated that "receiving this pharmacy information is crucial to be able to make the proper revisions immediately." Defendant further stated that "*Once pharmacy records are received*, we will verify your dispute, file the records, and revise your report to remove the erroneous items."

63. Plaintiff promptly responded and confirmed his personal identifying information, and identified precisely the medical history and prescription information he was disputing.

64. Plaintiff also explained why it was impossible for him to obtain the requested pharmacy records, stating that with the exception of two accurate prescriptions entries, the

CLASS ACTION COMPLAINT - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

remaining pharmacies listed on the report "should have no record of me as I have never been there."

65. Plaintiff followed up with Defendant multiple times by phone over the following weeks, but was not able to reach anyone and did not receive any response to his voicemail messages.

66. Defendant did not conduct any reinvestigation of Plaintiff's dispute, and did not remove any of the disputed information.

67. Defendant did not forward Plaintiff's dispute to any CRA from which it obtained the disputed information.

68. Defendant's handling of Plaintiff's dispute was not the result of error or mistake, but was consistent with its intentionally-adopted policies and procedures for handling consumer disputes.

69. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth under § 1681e(b), § 1681g(a)(2), § 1681i(a), and § 1681i(f) of the FCRA, and further assumed an unjustifiable high risk of harm.

70. As of result of Defendant's conduct, Plaintiff has suffered damages in the form of (a) loss of insurance opportunity, (b) harm to reputation, (c) emotional distress, and (d) denial of statutorily-mandated information.

71. At all times pertinent hereto, Defendant was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

### V. CLASS ACTION ALLEGATIONS

72. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

CLASS ACTION COMPLAINT - 10

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

a. **1681e(b) Inaccuracy Class**: All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, about whom Defendant sold a report to a third party containing one or more items of information which did not pertain to the individual who was the subject of the report.

b. **1681i Failure to Reinvestigate Class:** All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, who disputed the completeness and/or accuracy of one or more items of information on an IntelliScript report, and for whom Defendant neither conducted any reinvestigation nor deleted the disputed information within thirty days of the consumer's dispute.

c. **1681i Written Communication Class:** All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, who disputed the completeness and/or accuracy of one or more items of information on an IntelliScript report, and to whom Defendant sent a communication substantially similar to the April 29, 2020 communication Defendant sent to Plaintiff.

d. **1681i(f) Class:** All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action, who disputed the completeness and/or accuracy of one or more items of information on an IntelliScript report which Defendant obtained from another consumer reporting agency, and for whom IntelliScript neither conducted its own reinvestigation of the information nor forwarded the dispute to the consumer reporting agency from which it obtained the information.

e. **1681g(a)(2) Class:** All persons residing in the United States (including all Territories and other political subdivisions of the United States), beginning five years prior to the filing of this Complaint and continuing through the resolution of this action to whom Defendant responded to a consumer request for information with a document which did not identify any third party source(s) from which Defendant obtained the information on the report.

CLASS ACTION COMPLAINT - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

73. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

74. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members within each Class are so numerous that joinder of all is impractical. Upon information and belief Defendant procures and sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

75. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Classes and predominate over the questions affecting only individual members. The principal questions concern whether Defendant violated the FCRA by failing to follow reasonable procedures to assure the accuracy of information on its reports, by refusing to conduct reinvestigations, and/or by misrepresenting source(s) from which it obtains medical history and prescription information.

76. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Defendant's common course of conduct.

77. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Classes. His interests are aligned with and are not antagonistic to, the interests of the members of the Classes he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the Classes.

78. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and

CLASS ACTION COMPLAINT - 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI.  CAUSES OF ACTION

### COUNT I
### 15 U.S.C. § 1681e(b)
*Plaintiff Healy Individually*
*and on behalf of the 1681e(b) Inaccuracy Class*

79. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

80. Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

81. The report Defendant sold to Americo is a "consumer report" within the meaning of 15 U.S.C. § 1681a(d).

82. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable for failing to follow reasonable procedures to assure the maximum possible accuracy of the information it sold about Plaintiff and members of the Class, in violation of 15 U.S.C. § 1681e(b).

CLASS ACTION COMPLAINT - 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**COUNT II**
**15 U.S.C. § 1681i(a)**
*Plaintiff Healy Individually*
*and on behalf of the 1681i Written Communication Class*
*and the 1681i Failure to Reinvestigate Class*

83. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

84. Pursuant to 15 U.S.C. §§ 1681n and 1681o of the FCRA, Defendant is liable for failing to conduct a reasonable reinvestigation into the completeness and/or accuracy of information disputed by the consumer or delete the disputed information, in violation of 15 U.S.C. § 1681i(a).

**COUNT III**
**15 U.S.C. § 1681i(f)**
*Plaintiff Healy Individually*
*and on behalf of the 1681i(f) Class*

85. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

86. With respect to all information that Defendant obtains from other consumer reporting agencies and includes on the reports it compiles and sells about consumers, Defendant is a "reseller" as defined by the FCRA, 15 U.S.C. § 1681a(u).

87. Pursuant to 15 U.S.C. §§ 1681n and 1681o of the FCRA, Defendant is liable for failing to forward disputes of information obtained from other consumer reporting agencies to the agency from which it was obtained, even where it has determined that Defendant was not the cause of the alleged inaccuracy, in violation of FCRA section 1681i(f).

CLASS ACTION COMPLAINT - 14

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**COUNT IV**
**15 U.S.C. § 1681g(a)(2)**
*Plaintiff Healy Individually*
*and on behalf of the 1681g(a)(2) Class*

88. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

89. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable for failing to accurately and clearly disclose the true sources information in consumer file disclosures, in violation of 15 U.S.C. § 1681g(a)(2).

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Classes pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Classes under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiff and the Classes;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorney's fees and costs; and

E. Such other relief as the Court deems just and proper.

## VIII.  TRIAL BY JURY

Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

CLASS ACTION COMPLAINT - 15

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

| | |
|---|---|
| 1 | RESPECTFULLY SUBMITTED AND DATED this 5th day of October, 2020. |
| 2 | |
| 3 | TERRELL MARSHALL LAW GROUP PLLC |
| 4 | By: /s/ Beth E. Terrell, WSBA #26759 |
| 5 | Beth E. Terrell, WSBA #26759<br>Email: bterrell@terrellmarshall.com |
| 6 | |
| 7 | By: /s/ Adrienne D. McEntee, WSBA #34061<br>Adrienne D. McEntee, WSBA # 34061 |
| 8 | Email: amcentee@terrellmarshall.com<br>936 North 34th Street, Suite 300 |
| 9 | Seattle, Washington  98103-8869<br>Telephone:  (206) 816-6603 |
| 10 | Facsimile:  (206) 319-5450 |
| 11 | |
| 12 | James A. Francis*<br>Email: jfrancis@consumerlawfirm.com |
| 13 | John Soumilas*<br>Email: jsoumilas@consumerlawfirm.com |
| 14 | Lauren KW Brennan*<br>Email: lbrennan@consumerlawfirm.com |
| 15 | FRANCIS MAILMAN SOUMILAS, P.C. |
| 16 | 1600 Market Street, Suite 2510<br>Philadelphia, Pennsylvania 19103 |
| 17 | Telephone: (215) 735-8600<br>Facsimile: (215) 940-8000 |
| 18 | |
| 19 | *Attorneys for Plaintiff* |
| 20 | *Pro Hac Vice application forthcoming |

CLASS ACTION COMPLAINT - 16