THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HEALY, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br> v.<br><br>MILLIMAN, INC., dba INTELLISCRIPT,<br><br>      Defendant. | CASE NO. C20-1473-JCC<br><br>ORDER |

  This matter comes before the Court on the parties stipulated protective order (Dkt. No. 26). Finding good cause, the Court enters the following stipulation:

1. <u>PURPOSES AND LIMITATIONS</u>

  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted, including, but not limited to, protected health information subject to protection under the Health Information Portability and Accountability Act. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable

legal principles, and it does not presumptively entitle parties to file confidential information under seal. The parties further acknowledge that this agreement is expressly intended to implement the requirements set forth in 45 C.F.R. § 164.512(e)(v) for disclosure of protected health information in litigation, including, as set forth below, prohibiting the parties from using or disclosing protected health information for any purpose other than this litigation, and requiring the return or destruction of the protected health information (including all copies thereof) at the end of this litigation.

2. "CONFIDENTIAL" AND "ATTORNEY EYES ONLY" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged between the parties and/or produced by a third party in response to a subpoena: (1) personal and private information regarding Plaintiff and proposed class members, including without limitation current and former street addresses for natural persons, social security numbers, telephone numbers, e-mail addresses, dates of birth, driver's license numbers, account numbers, maiden names, and passwords; (2) confidential business and financial information; (3) protected health information ("PHI"), as defined in 45 C.F.R. 160.103, for Plaintiff and proposed class members that is protected under the Health Insurance Portability and Accountability Act ("HIPAA"), 45 C.F.R. Parts 160 and 164 (Privacy Rules), or other applicable statute; and (4) information subject to a third party confidentiality agreement that is produced pursuant to the procedures set forth in Section 8 below.

"Attorney Eyes Only" information is extremely sensitive materials that qualify as "CONFIDENTIAL" and that the designating party reasonably believes contain highly sensitive business or personal information, the disclosure of which to another party or non-party would create a substantial risk of significant competitive or commercial disadvantage to the designating party that could not be avoided by less restrictive means. It is the parties' intent that information will not be designated "Confidential" or "Attorney Eyes Only" without a good faith belief that it has been maintained in a confidential, non-public manner, there is good cause why it should not

be part of the public record in this case, and, with respect to "Attorney Eyes Only" materials, there is a significant risk of competitive or commercial disadvantage to the designating party if such materials are disclosed to another party or non-party.

3.  SCOPE

The protections conferred by this agreement cover not only confidential and attorney eyes only material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover (1) information that is in the public domain or becomes part of the public domain through trial or otherwise; (2) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party; and (3) information regarding or relating to the receiving party. Finally, any use of confidential material at trial shall be governed by a separate agreement or order.

4.  ACCESS TO AND USE OF CONFIDENTIAL AND ATTORNEY EYES ONLY MATERIAL

4.1   Basic Principles. A receiving party may use confidential and attorney eyes only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential and attorney eyes only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and attorney eyes only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. It is expressly intended and

agreed that confidential and attorney eyes only material will not be made public via social media, Internet publication or otherwise.

  4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

  (a) the parties;

  (b) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

  (c) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

  (d) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (e) the Court, Court personnel, and court reporters and their staff, including any court reporter or videographer reporting a deposition;

  (f) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

  (g) witnesses or potential witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

  (h) the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

      (i)     mediators or settlement officers, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

      (j)     professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

      (k)     other persons by written agreement of the parties.

    4.3     Disclosure of "ATTORNEYS' EYES ONLY" Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Attorney's Eyes Only Material only to:

      (a)     the receiving party's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)     experts and consultants of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to the procedure in Paragraph 4.4;

      (c)     the Court and its personnel;

      (d)     court reporters and their staff; professional jury or trial consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    4.4     <u>Filing Confidential AND ATTORNEY EYES ONLY Material</u>. Before filing confidential or attorney eyes only material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential or attorney eyes only designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is

warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. If the filing party seeks to file confidential or attorney eyes only material under seal, the designating party shall provide full cooperation and assistance to the filing party, including cooperating in good faith in the preparation of a stipulated motion to seal to be submitted before or at the same time as the filing that contains the designated materials at issue, as well as cooperating in the drafting of other motions and those procedures called for by Local Civil Rule 5(g).

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Before any information is designated "CONFIDENTIAL" or "ATTORNEY EYES ONLY" counsel of record for the designating party must first review the information and make a determination, in good faith, that it is confidential, commercially sensitive, or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c). Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. For example, if a database or information structure falls within the scope of this agreement, the CONFIDENTIAL designation applies only to the proprietary structure and/or schema of the database or informational structure. A party who would like to designate the underlying data as CONFIDENTIAL must do so independently from the proprietary structure and/or schema. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (*see*, *e.g.*, second paragraph of section 5.3), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" or "ATTORNEY EYES ONLY" to each page that contains confidential material.

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential or attorney eyes only. Entire deposition transcripts should rarely, if ever, be designated as confidential or attorney eyes only. Any party who fails to designate a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential or attorney eyes only within fifteen days after receipt has waived its ability to do so. If a party or non-party desires to protect confidential or attorney eyes only information at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word

"CONFIDENTIAL" or "ATTORNEY EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

       5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    <u>CHALLENGING CONFIDENTIALITY AND ATTORNEY EYES ONLY DESIGNATIONS</u>

       6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality and/or attorney eyes only at any time up to thirty day before trial. Unless a prompt challenge to a designating party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality and/or attorney eyes only designation by electing not to mount a challenge promptly after the original designation is disclosed. However, the receiving party should make all reasonable efforts to challenge such designations at the time of production, or as close thereto as reasonably practicable.

       6.2    <u>Meet and Confer</u>. To initiate the dispute resolution process, the challenging party must provide written notice of each designation it is challenging and describe the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of the notice. The parties must make every attempt to resolve any dispute regarding confidential and/or attorney eyes only designations without court involvement. Any motion regarding such designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in

an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality and/or attorney eyes only status under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). If the designating party does not file a motion to retain confidentiality and/or attorney eyes only status within 21 days following the conclusion of the parties' conference regarding the designation, the designation shall be deemed withdrawn. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential/attorney eyes only material may be affected.

8.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "ATTORNEY EYES ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce or otherwise disclose the non-party's confidential information, then the party shall:

(a) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b) promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the non-party. If the non-party fails to object to the discovery request or seek a protective order from this Court within fourteen days of the non-party receiving the notice and accompanying information, and participating in a meet and confer, the producing party may produce the non-party's confidential information responsive to the discovery request, and shall designate such information as "CONFIDENTIAL" or "ATTORNEY EYES ONLY," if appropriate under the terms of this agreement. Any non-party information that is produced with a "CONFIDENTIAL" or "ATTORNEY EYES ONLY" designation shall be returned or destroyed at the conclusion of this litigation, as set forth in Section 11 of this agreement. Nothing in this section limits either party's

right to move for a protective order under Federal Rule of Civil Procedure 26. If the producing party or non-party timely seeks a protective order, the producing party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination is made by the Court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential or attorney eyes only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

11. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party shall make reasonable efforts to return all confidential and attorney eyes only material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, and with the exception of protected health information and any materials or copies of materials that contain protected health information, which, pursuant to 45 C.F.R. § 164.512(e)(v), must be returned or destroyed at the conclusion of litigation, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential or attorney eyes only material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

Pursuant to the stipulation above, it is so ORDERED.

It is further ORDERED that pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 9th day of April 2021.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *James Healy v. Milliman, Inc.,*., No. 2:20-cv-01473-JCC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____