THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JAMES HEALY, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MILLIMAN, INC., dba INTELLISCRIPT, <br><br> Defendant. | CASE NO. C20-1473-JCC <br><br> ORDER |

    This matter comes before the Court on Plaintiff's motion to seal (Dkt. No. 69). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

    Consistent with Federal Rule of Civil Procedure 5.2, Local Civil Rule 5(g), and the protective order entered in this matter (Dkt. No. 28), Plaintiff filed a redacted version of its reply to its motion to compel IRIX data (Dkt. No. 66), a sealed unredacted version of the motion (Dkt. No. 71), a sealed exhibit to the declaration of Adrienne McEntee (Dkt. No. 72), and sealed exhibits to the declaration of Jodi Schexnaydre (Dkt. No. 73). The redacted and sealed information contained in these documents has been designated by Defendant's counsel as confidential and/or highly confidential-attorney's eyes only pursuant to the previously entered protective order in this case. (*See* Dkt. No. 69 at 2–3.) Defendant asserts the documents contain

ORDER
C20-1473-JCC
PAGE - 1

proprietary information, protected third-party health information, and third-party personal identifying information. (Dkt. No. 79 at 6–12.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). However, that right is reduced when applied to proprietary business records, confidential health information, and personal identifying information. *Id*. at 1179; *see, e.g.*, *In re Electronic Arts,* 298 F. App'x 568, 569 (9th Cir. 2008) (business records); *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, slip op. at 2 (N.D. Cal. 2014) (personal identifying information); *California Spine and Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, slip op. at 3 (N.D. Cal. 2021) (health information). This is particularly true for records attached to nondispositive motions. *In re Midland Nat., Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

The motion at issue is a discovery motion. (*See generally* Dkt. No. 55.) On this basis, the "good cause" standard articulated in Federal Rule of Civil Procedure 26(c) applies. *Kamakana*, 447 F.3d at 1180. Therefore, only a "particularized showing" of harm from disclosure is required. *Id. T*he Court has reviewed the records at issue and concluded that such a showing has been made in the instant matter.

For the foregoing reasons, Plaintiff's motion to seal (Dkt. No. 69) is GRANTED. The Clerk is DIRECTED to maintain under seal Docket Numbers 71, 72, and 73.

DATED this 8th day of November 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-1473-JCC
PAGE - 2