THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HEALY, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>MILLIMAN, INC., d/b/a INTELLISCRIPT,<br><br>                    Defendant. | CASE NO. C20-1473-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Milliman, Inc.'s second motion for summary judgment (Dkt. No. 91) and the parties' motions to seal (Dkt. Nos. 89, 105, 113). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Defendant's motion for summary judgment (Dkt. No. 91) and GRANTS the parties' motions to seal (Dkt. Nos. 89, 105, 113) for the reasons explained herein.

I.      BACKGROUND

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, mandates that a consumer reporting agency ("CRA") use "reasonable procedures" to ensure the accuracy of the information it reports to third parties. *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir. 2017). If a CRA fails to do so, or to satisfy the FCRA's other requirements, the statute provides aggrieved

consumers with a private right of action. *Id.* at 497.

Plaintiff James Healy filed this putative class action lawsuit alleging that Defendant is a CRA who violated the FCRA, in particular, 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(f), and 1681g(a)(2). (*See* Dkt. No. 1 at 13–15.) His theory of liability is that Defendant, which sells reports containing consumers' medical histories to insurers, fails to utilize reasonable procedures to ensure the accuracy of those reports. (*Id.* at 2–10.) In Mr. Healy's particular case, Defendant allegedly erroneously reported Mr. Healy's medical history to a prospective insurer, failed to timely reinvestigate its errors and to respond to Mr. Healy's requests for information regarding their source, and the errors resulted in Mr. Healy's application for insurance being denied. (*Id.*) Mr. Healy also alleges that his experience with Defendant is not unique. (*See generally id.*) The Court described these allegations in more detail in a prior order (Dkt. No. 51) and will not repeat them here.

Defendant previously moved for summary judgment on all of Mr. Healy's claims, which the Court denied under Rule 56(d). (*See* Dkt. No. 51 at 8–10.) Following class discovery and the exchange of expert reports, (*see* Dkt. No. 76 at 5), Defendant again moves for summary judgment (Dkt. No. 91). This time, Defendant argues, among other things, that neither Mr. Healy nor the unnamed class members have the requisite standing to bring FCRA claims, as recently articulated by the U.S. Supreme Court. (*See* Dkt. No. 91 at 7–25.)

## II. DISCUSSION

### A. Motion to Strike Arguments Regarding Unnamed Class Members

Mr. Healy moves to strike those portions of Defendant's motion containing arguments directed at class certification and the unnamed class members' claims (as opposed to Mr. Healy's). (Dkt. No. 103 at 18–21.) Defendant now contends that these arguments are intended

solely to support summary judgment on Mr. Healy's *individual claims*.[1] (*See* Dkt. No. 108 at 13.) Assuming this is so, Defendant's arguments are permissible in a Rule 56 motion, even in light of a briefing schedule supporting a later-filed Rule 23 motion. "Neither Fed. R. Civ. P. 23 nor due process necessarily requires that the district court rule on class certification before granting or denying a motion for summary judgment." *See Wright v. Schock*, 742 F.2d 541, 545 (9th Cir. 1984). Therefore, Mr. Healy's motion to strike (Dkt. No. 103 at 18) is DENIED. The Court will consider all of Defendant's motion for summary judgment, but do so solely for purposes of determining whether summary judgment is warranted on Mr. Healy's individual claims.

### B.     Motion to Strike New Argument Raised in Reply

Mr. Healy also asks the Court to strike a portion of Defendant's reply brief. (Dkt. No. 112 at 1–3.) In that portion, Defendant argues for the first time that color or diagnostic coding contained in the reports it generates constitute statutorily exempt risk scores or predictors that it need not disclose to consumers. (*See* Dkt. No. 108 at 3–5).) Mr. Healy contends it would be procedurally improper for the Court to consider this argument as a basis for dismissal of his claims. (Dkt. No. 112 at 1–3.) The Court agrees.

Defendant moved for summary judgment on Mr. Healy's Section 1681(g)(a)(2) claim solely on the notion that he fails to demonstrate standing. (*See* Dkt. No. 91 at 6–11.) It is not appropriate for the Court to now consider other arguments as a basis for dismissal of this claim. *See, e.g.*, *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010). But rather than strike the offending text, the Court will disregard it. *See AT & T Mobility LLC v. Holaday-Parks-Fabricators, Inc.*, 2011 WL 5825714, slip op. at 2 (W.D. Wash. 2011).

---

[1] Specifically, Defendant indicates that it "is not moving . . . to deny class certification" but "is moving for summary judgment" that "as a matter of law, Plaintiff has no Article III standing to maintain this lawsuit." (Dkt. No. 108 at 13.)

**C.      Defendant's Second Motion for Summary Judgment**

In moving for summary judgment for the second time, Defendant argues that Mr. Healy presents no evidence to support the type of particularized and concrete injury required for standing under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), and also that Mr. Healy's inaccuracy and reinvestigation claims fail on the merits because its procedures are reasonable. (*See* Dkt. No. 91 at 7–25.)

1. Legal Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views facts in the light most favorable to the nonmoving party and resolves ambiguity in that party's favor, but it must not evaluate credibility or weigh evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986); *Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994). A fact is material if it might be determinative, and a dispute of fact is genuine if there is evidence from which a jury could reasonably find for the nonmovant. *See Anderson*, 477 U.S. at 248.

The moving party has the initial burden to show the lack of a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that party succeeds, the burden shifts to the nonmoving party to demonstrate that such an issue exists. *See id.* at 323–24. If the movant fails, the nonmovant need not present any evidence, even if it has the burden at trial. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). If the movant does carry its burden, though, the nonmovant must come forward with specific evidence demonstrating an issue for trial and may not simply stand on allegations in its pleadings. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

2. Standing

Defendant contends that Mr. Healy's allegations and the evidence of harm he puts forth

are insufficient to establish standing[2] under *TransUnion LLC,* 141 S. Ct. at 2190. (*See* Dkt. Nos. 91 at 7–19, 108 at 2–10.) In that case, the Supreme Court held that a plaintiff must show more than a mere procedural violation to establish standing for FCRA claims. *See TransUnion LLC* 141 S. Ct. at 2208–14. Actual harm, whether that be tangible or intangible, is required. *Id.* at 2204 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340–41 (2016)).

As discussed above, *see supra* Part II.A, at least for purposes of the instant motion, the Court need only consider whether Mr. Healy demonstrates standing for his own claims—not those of unnamed class members. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 (9th Cir. 2011) ("[W]e consider only whether at least one named plaintiff satisfies the standing requirements.") (internal citation omitted); *Melendres v. Arpaio*, 784 F.3d 1254, 1261 (9th Cir. 2015) ("[O]nce the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) perquisites for class certification have been met.").

There is no dispute that Defendant erroneously reported Mr. Healy's medical history to a third party. (*See* Dkt. No. 91 at 3–5). But the parties dispute what harm this caused. Defendant contends that Mr. Healy admits in deposition testimony that he suffered no reputational harm from Defendant's error. (*See* Dkt. No. 108 at 2–3 (citing Dkt. No. 92-1 at 12).) This is beside the point. As Defendant concedes, Mr. Healy was denied life insurance coverage. (*See* Dkt. No. 91 at 3–4.) *Any* unfavorable outcome from a consumer reporting error, whether it be economic or non-economic, is sufficient to demonstrate harm for purposes of an FCRA inaccuracy claim. *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1332–33 (9th Cir.1995)). And in this instance Mr. Healy testified that the coverage denial caused him significant emotional distress—he did not want to leave his wife

---

[2] Standing is an "essential and unchanging" jurisdictional requirement. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992). It necessitates that a plaintiff demonstrate an injury that is both "concrete" and "particularized." *Id.* at 576–78.

responsible for paying their mortgage if he were to die unexpectedly. (*See* Dkt. No. 104-1 at 11–12.) Therefore, he has demonstrated standing for his Section 1681e(b) inaccuracy claim.

There is also no doubt that Defendant did not timely reinvestigate and/or forward Mr. Healy's disputed items to the responsible CRA. (*See* Dkt. No. 91 at 4 (describing the cause as an "inadvertent[] fail[ure] to properly log [Mr. Healy's] dispute email.").) As a result, Mr. Healy followed-up with Defendant on multiple occasions. (*See* Dkt. No. 22 at 3 (Alex Marchetti's declaration describing follow-up communications from Mr. Healy).) Courts have routinely found that wasted time resulting from a defendant's FCRA violation is a sufficiently concrete and particularized injury to establish standing. *See, e.g.*, *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021); *Nelson v. Experian Info. Sols., Inc.*, 2022 WL 193010, slip op. at 2–3 (N.D. Ala. Jan. 10, 2022). This Court reaches the same finding here. Mr. Healy has demonstrated standing for his Section 1681i failure to timely reinvestigate and/or forward disputed items claims.

Mr. Healy's standing for his final claim, based on Defendant's alleged failure to disclose the sources of its information, is more problematic. To withstand summary judgment, Mr. Healy must present some evidence demonstrating a concrete and particularized harm flowing from this failure. *See Spokeo, Inc.*, 578 U.S. at 340–41. He presents none. (*See generally* Dkt. No. 103.) Instead, he contends, without evidentiary support, that because he did not have the sources of Defendant's medical reporting, he was "unable to quickly identify the records that led to his denial" or to "quickly and efficiently verify that the information had been corrected at the source." (*Id.* at 26.)

This may be true, but without evidentiary support, it is no more than theoretical harm, which is insufficient to establish standing. *See TransUnion LLC*, 141 S. Ct. at 2213. And again, Mr. Healy provides no such evidentiary support. Instead, he relies on the Ninth Circuit's subsequent decision in *Tailford v. Experian Info. Sols., Inc.,* 26 F.4th 1092, 1100 (9th Cir. 2022). (*See* Dkt. No. 107 at 26.) This reliance is misplaced. That decision involved a facial challenge to

standing[3]—it did not require evidence to support the plaintiffs' contentions. *See Tailford*, 26 F.4th at 1099–1100 (9th Cir. 2022). At the summary judgment stage, more is required. And, again, Mr. Healy did not provide any more. Therefore, he has not properly supported his standing for a Section 1681g(a)(2) claim.

3. Merits

In addition to the standing challenges, Defendant challenges the merits of Mr. Healy's Section 1681e(b) inaccuracy and 1681i reinvestigation claims. (*See* Dkt. No. 91 at 7–25.) It argues that its asserted relatively low error rate and professed formal reinvestigation procedures[4] demonstrate that it utilizes "reasonable" procedures and efforts, which is all that the FCRA requires. (*Id.* (citing 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A).) While it is true that the FCRA requires nothing more, a reasonableness determination for these purposes is generally, by definition, a genuine issue of material fact. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) ("[T]he reasonableness of a [CRA's] procedures is 'normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010))). And the Court sees no reason to depart from that rule in this instance. Therefore, summary judgment on Mr. Healy's Section 1681e(b) inaccuracy and 1681i reinvestigation claims is not warranted.

D.  **The Parties' Motions to Seal**

The parties move to maintain under seal unredacted versions of some of their briefing on Defendant's summary judgment motion, along with excerpts of, and exhibits to, expert reports

---

[3] A "jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[In] a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In resolving a factual attack, the court may rely on affidavits or any other evidence properly before the court. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

[4] The Court notes it is undisputed that in Mr. Healy's instance, those reinvestigation procedures were not followed. (*See* Dkt. No. 91 at 4, 23.)

and declarations supporting their briefing. (Dkt. Nos. 89, 105, 113.) They assert those documents contain Defendant's confidential business information, which Defendant produced pursuant to the stipulated protective order previously entered in this case. (*See* Dkt. Nos. 89 at 4–9, 105 at 2, 113 at 2–3.) "[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3). To overcome that presumption, a party must show "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006). The Court has reviewed the documents at issue and concludes that a compelling reason exists to seal the underlying materials (Dkt. Nos. 93, 107, 115) in this instance, and this reason overcomes the presumption of public access.

### III.  CONCLUSION

For the foregoing reasons, Defendant's second motion for summary judgment (Dkt. No. 91) is GRANTED in part and DENIED in part. Summary judgment is GRANTED on Plaintiff's 15 U.S.C. § 1681g(a)(2) claim, based on Mr. Healy's failure to demonstrate standing. Summary judgment is DENIED on Plaintiff's remaining claims. The parties' motions to seal (Dkt. Nos. 89, 105, 113) are GRANTED. The Clerk is DIRECTED to maintain Docket Numbers 93, 107, and 115 under seal.

DATED this 8th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE