THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES HEALY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MILLIMAN, INC., d/b/a INTELLISCRIPT,<br><br>Defendant. | Case No. 2:20-cv-01473-JCC<br><br>**STIPULATED MOTION TO APPROVE (1) NOTICE ADMINISTRATOR, (2) NOTICE FORMS, AND (3) NOTICE PLAN**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 11, 2022** |

## I.     INTRODUCTION AND BACKGROUND

This is a class action lawsuit brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (FCRA). The Court certified the following Classes:

<u>1681e(b) Inaccuracy Class</u>: All persons residing in the United States (including all territories and other political subdivisions of the United States), beginning October 5, 2015 and continuing through April 29, 2022, about whom Defendant sold a report to a third party containing one or more items of information which did not pertain to the individual who was the subject of the report.

<u>1681i Failure to Properly Reinvestigate Class</u>: All persons residing in the United States (including all territories and other political subdivisions of the United States), beginning October 5, 2015 and continuing through April 29, 2022, who disputed the completeness and/or accuracy of one or more items of information on an Intelliscript report for whom Defendant responded with form/template communication substantially in the form of MM_HEALY000315.

STIPULATED MOTION TO APPROVE NOTICE FORMS,
NOTICE PLAN, AND NOTICE ADMINISTRATOR - 1
Case No. 2:20-cv-01473-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Plaintiff respectfully requests that the Court enter an order approving (1) Continental Data Logix (CDL) to administer the notice program; (2) forms of notice; and (3) a plan for sending notice of the class action to members of the Classes. Defendant Milliman, Inc. (Milliman) stipulates to entry of such an order and does not oppose this motion.

## II.   NOTICE ADMINISTRATOR

Plaintiff has retained CDL to administer the notice program described in this motion. CDL has forty years of experience in the class action administration industry and has extensive experience administering notice programs in FCRA cases. Exhibit A (CDL partner Frank Barkan's curriculum vitae). Plaintiff retained CDL after a competitive bidding process.

## III.   THE PROPOSED NOTICE FORMS

In order to notify Class members that this case has been certified as a class action, Plaintiff proposes sending an email substantially similar to the one attached as Exhibit B (Email Notice) to all Class members for whom an email is available. For any email returned undeliverable, or where an email is not available, Plaintiff proposes sending a postcard substantially similar to Exhibit C (Postcard Notice) via U.S. Mail. Plaintiff also proposes disseminating an internet "banner" notice in substantially the form of Exhibit D (Banner Notice). The Email, Postcard, and Banner Notice will direct Class members to a website where they can find detailed information about the case, including (1) a downloadable Website Notice in substantially the form of Exhibit E; (2) Plaintiff's Class Action Complaint (Dkt. No. 1); (3) Defendant's Answer and Affirmative Defenses to Complaint (Dkt. No. 14); (4) the Court's Order Granting in Part Plaintiff's Motion for Class Certification (Dkt. No. 126); and (5) the form communication sent to members of the Reinvestigation Class and labeled MM_HEALY000315. Class Counsel will also use the website to keep Class members apprised of important dates and deadlines in the litigation. The Email Notice, Postcard Notice, Banner Notice, and Website

STIPULATED MOTION TO APPROVE NOTICE FORMS,
NOTICE PLAN, AND NOTICE ADMINISTRATOR - 2
Case No. 2:20-cv-01473-JCC

Notice will provide Class Counsel's contact information, including a toll-free number that Class members may call if they would like further information.

The proposed forms of notice, written in plain English and easily understood, provide neutral and objective information about the nature of the litigation and the Class claims. *See generally* Exhibits B–E. The forms include the Class definition, a statement of each Class member's rights (including the right to opt out of the Class), a statement of the consequences of remaining in the Class, and methods for contacting Class Counsel and obtaining more information and documents regarding the litigation. The forms are based on the model class notice forms developed by the Federal Judicial Center.

To opt out of the lawsuit, Class members only have to mail or email a letter to the notice administrator (postmarked by the opt-out deadline) indicating that he or she desires to be excluded from the litigation The opt out deadline is forty-five days from the date the notice is initially emailed to the Classes. *See* Dkt. No. 139 (Scheduling Order). This period will give Class members ample time to receive notice, make an informed decision about their participation in the case, and, if they choose, exercise their right to opt out.

### IV.    THE MANNER OF NOTICE

To protect the rights of absent class members, the Court must provide them with the best notice practicable when it certifies a class under Fed. R. Civ. P. 23(b)(3). The best notice practicable is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cen. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

**A.    Plaintiff's plan for disseminating notice satisfies due process.**

Where the names and addresses of potential class members are readily ascertainable, individual notice is generally the preferred method. Manual for Complex Litigation (Fourth) § 21.311, at 346–50 (May 2020 update). "If individual names or addresses cannot be obtained through reasonable efforts, the court must, with counsel's assistance, determine how to

STIPULATED MOTION TO APPROVE NOTICE FORMS,
NOTICE PLAN, AND NOTICE ADMINISTRATOR - 3
Case No. 2:20-cv-01473-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

provide the best notice practicable under the circumstances." *Id.* at 349. Alternative methods of providing notice include publication notice, internet notice, and posting notice in public places likely to be frequented by class members. *Id.* at 349–50.

Plaintiff understands that Milliman has the names of all Class members in its records and has email and mailing addresses for members of the Reinvestigation Class. Plaintiff understands that Milliman has not retained email and mailing addresses for members of the Inaccuracy Class who are not also members of the Reinvestigation Class. For those individuals, Plaintiff proposes that the administrator locate email and mailing addresses using a process called "reverse lookups." The administrator will send demographic information pertaining to each Class member found in Milliman's records to a third party to locate available email and mailing addresses.

After locating contact information for Class members, Plaintiff proposes that the administrator email the Email Notice to potential Class members. Notice by email is widely accepted in this Circuit. *See Roes, 1-2 v. SFBSC Mgmt., LLC,* 944 F.3d 1035, 1047 (9th Cir. 2019) (rejecting notice plan that did not include email and online advertising components); *Chinitz v. Intero Real Estate Servs.*, 2020 WL 7042871, at *4 (approving direct notice plan where notice disseminated by email followed by a mailed postcard if the email bounced back); *Rael v. Children's Place, Inc.,* No. 3:16-cv-00370-GPC-LL, 2020 WL 434482, at *14 (S.D. Cal. Jan. 28, 2020) ("class actions that deliver notice primarily through email...comply with Rule 23"); *In re Sony PS3 "Other OS" Litig.*, Case No. 10:cv-01811-YGR, 2017 WL 5598726, at *2 (N.D. Cal. Nov. 21, 2017) (granting preliminary approval to class action settlement where notice disseminated by email); *Rhom v. Thumbtack, Inc.*, Case No. 16-cv-02008-HSG, 2017 WL 4642409, at *3 (N.D. Cal. Oct. 17, 2017) (finding class action settlement notice was best practicable notice where class members were initially notified by email followed by mailed notice if the email bounced back); *Castillo v. Seagate Tech. LLC*, Case No. 3:16-cv-01958-RS, 2017 WL 4798611, at *2–3 (N.D. Cal. Oct. 19, 2017) (approving notice program that included email and mailed notice);

STIPULATED MOTION TO APPROVE NOTICE FORMS,
NOTICE PLAN, AND NOTICE ADMINISTRATOR - 4
Case No. 2:20-cv-01473-JCC

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Mendez v. C-Two Group*, Case No. 13-cv-05914-HSG, 2017 WL 2861118, at *3–4 (N.D. Cal. July 5, 2017); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 330 (C.D. Cal. 2016) (approving notice program in settlement context that included email notice and follow up postcard notice); *Helmer v. Goodyear Tire & Rubber Co.*, No. 12-cv-00685-RBJ, 2014 WL 4436406, at *2 (D. Col. Sept. 9, 2014) (finding notice and email to class members "is the best practical way of providing the notice as required by Rule 23 and the due process requirements associated with class action litigation").

If an email address cannot be located or an Email Notice "bounces back" as undeliverable, the administrator will mail a Postcard Notice to the class member. The administrator will attempt to re-mail any Postcard Notices that are returned as undeliverable. If a Postcard Notice is returned with a forwarding address, the administrator will re-mail the notice to the address provided. If a Notice is returned without a forwarding address, the administrator will use a skip tracing database service to find possible alternate addresses. There may be some class members for whom an email address and physical address cannot be located. To ensure that those class members receive notice, CDL will supplement the direct notice program with a targeted internet banner advertising campaign that refers the class members to the case website where they can find more information about the case.

Due process does not require that all class members receive notice. *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010) (noting that "due process requires reasonable efforts to inform affected class members through individual notice, not receipt of individual notice"). However, the parties will ask the administrator to design the emails to avoid spam filters and to encourage recipients to read the emails. The parties will work with the administrator to make sure notice reaches between 70 and 95% of the class members, which is the Federal Judicial Center's recommendation for class notice. *See* No. 136-2.

In all, the proposed notice plan constitutes the best practicable notice and due process is satisfied. *Mullane*, 339 U.S. at 318.

STIPULATED MOTION TO APPROVE NOTICE FORMS,
NOTICE PLAN, AND NOTICE ADMINISTRATOR - 5
Case No. 2:20-cv-01473-JCC

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## V. CONCLUSION

For all the above reasons, Plaintiff respectfully requests that the Court approve (1) appointment of CDL as notice program administrator; (2) the notice forms attached as Exhibits B-E to this motion; and (3) the notice plan described in this motion.

RESPECTFULLY SUBMITTED AND DATED this 11th day of August, 2022.

| TERRELL MARSHALL LAW GROUP PLLC | WILLIAMS, KASTNER & GIBBS PLLC |
|---|---|
| By: /s/ Jennifer Rust Murray, WSBA #36983<br>Beth E. Terrell, WSBA #26759<br>Email: bterrell@terrellmarshall.com<br>Jennifer Rust Murray, WSBA #36983<br>Email: jmurray@terrellmarshall.com<br>Adrienne D. McEntee, WSBA # 34061<br>Email: amcentee@terrellmarshall.com<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450 | By: /s/Jeffery M. Wells, WSBA #45840<br>Jeffery M. Wells, WSBA #45840<br>Email: jwells@williamskastner.com<br>Daniel Brown, WSBA #22028<br>Email: dbrown@williamskastner.com<br>Rodney L. Umberger, WSBA #24948<br>Email: rumberger@williamskastner.com<br>601 Union Street, Suite 4100<br>Seattle, Washington 98101-2380<br>Telephone: (206) 628-6600<br>Facsimile: (206) 628-6611 |
| James A. Francis, *Admitted Pro Hac Vice*<br>Email: jfrancis@consumerlawfirm.com<br>John Soumilas, *Admitted Pro Hac Vice*<br>Email: jsoumilas@consumerlawfirm.com<br>Lauren KW Brennan, *Admitted Pro Hac Vice*<br>Email: lbrennan@consumerlawfirm.com<br>Travis Martindale-Jarvis, *Admitted Pro Hac Vice*<br>Email: tmartindale@consumerlawfirm.com<br>FRANCIS MAILMAN SOUMILAS, P.C.<br>1600 Market Street, Suite 2510<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 735-8600<br>Facsimile: (215) 940-8000<br><br>*Attorneys for Plaintiff* | *Attorneys for Defendant* |

STIPULATED MOTION TO APPROVE NOTICE FORMS, NOTICE PLAN, AND NOTICE ADMINISTRATOR - 6
Case No. 2:20-cv-01473-JCC

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com