THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HEALY, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br> v.<br><br>MILLIMAN, INC., d/b/a INTELLISCRIPT,<br><br>       Defendant. | CASE NO. C20-1473-JCC<br><br>ORDER |

  This matter[1] comes before the Court on Defendant Milliman, Inc.'s motion for a protective order (Dkt. No. 151). Having thoroughly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

  The deadline to complete fact discovery recently closed. (*See* Dkt. No. 146 at 3.) One item that remains outstanding, though, is Plaintiff's Request for Production ("RFP") No. 68. (*See* Dkt. No. 152-4 at 4–5 (calling for "priority mapping, coding, or coloring indicators for medical and prescription history attributed to each person listed in the file "Milliman - Updated Class List 01232023.xlsx").) Defendant objected to this RFP because it is overbroad, unduly burdensome, and not proportional to the needs of the case; not maintained as a document, business record, or

---

[1] The Court has described the facts of this case in prior orders, (*see* Dkt. Nos. 51, 86, 122), and will not repeat them here.

ORDER
C20-1473-JCC
PAGE - 1

in a readily producible format; and called for the proprietary information of third-party insurer clients. (*Id.* at 5.) On this basis, and following a failed meet and confer, Defendant moved for a protective order. (*See* Dkt. No. 151 at 6–11.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). That being said, the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" from unnecessary and irrelevant discovery requests. Fed. R. Civ. P. 26(c).

The Court finds none of Defendant's stated bases for refusing to comply with RFP No. 68 compelling. First, the information Plaintiff seeks is relevant. (*See* Dkt. No. 151 at 8–10.) It bears on the issue of class members' reputational harm. *See Fernandez v. RentGrow, Inc.*, 341 F.R.D. 174, 189 (D. Md. 2022) (applying the dissemination requirements for Article III standing as described in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021)). Second, Defendant's contention that it would need to generate this information out of whole cloth is unavailing. (*See* Dkt. No. 151 at 6.) In its motion, Defendant admits the data exists, at least in some form, on its systems. (*See id.*) Third, to the extent compiling the data might be time consuming for Defendant, (*see id.* at 6–7), this alone is not sufficient to support a protective order. *See, e.g.*, *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1033–34 (E.D. Cal. 2010). Fourth, any concern over disclosure of a third-party insurer's proprietary information, (*see* Dkt. No. 151 at 10–11), is addressed by the stipulated protective order the Court already entered in this matter. (*See* Dkt.

No. 28 at 10–11.)

Nor does the Court find Defendant's actions substantially justified, or that circumstances make an award of expenses unjust here. *See* Fed. R. Civ. P. 37(a)(5)(B). Defendant told the Court that it would provide the information sought in RFP No. 68, once class members were identified. (*See* Dkt. No. 136-1 at 2.) Plaintiff accomplished this task, but Defendant reneged. For this reason, the Court believes that a sanction of Plaintiff's costs and fees in responding to Defendant's motion is warranted. (*See* Dkt. No. 154 at 16)

For the foregoing reasons, Defendant's motion for a protective order (Dkt. No. 151) is DENIED and Plaintiff's request for costs and fees is GRANTED. Plaintiff shall submit an accounting of his reasonable expenses in responding to Defendant's motion, including attorney fees, within 14 days of this order.

DATED this 17th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE