THE HONORABLE JOHN C. COUGHENOUR

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HEALY, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>MILLIMAN, INC., d/b/a INTELLISCRIPT,<br><br>　　　　　　　　Defendant. | CASE NO. C20-1473-JCC<br><br>MINUTE ORDER |

　　　　The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

　　　　On December 5, 2023, the Court heard oral argument on a variety of pending motions in this case. (*See* Dkt. No. 197.) To assist it in ruling on these motions, and in light of the argument presented at that hearing, the Court seeks supplemental briefing regarding class-wide standing for both the inaccuracy and reinvestigation classes, as previously certified in this matter. (*See* Dkt. No. 140 at 4.)

　　　　Based on the evidence Plaintiff presents to date, namely Jonathan Jaffe's expert reports, (*see, e.g.*, Dkt. No. 166 at 8–71), and Jodi Nuss's declaration, (*see* Dkt. No. 187 at 1–4), the Court is concerned that Plaintiff cannot, in fact, establish class-wide standing at trial, even if reputational harm were sufficient to support the requisite injury, *see TransUnion LLC v.*

MINUTE ORDER
C20-1473-JCC
PAGE - 1

MINUTE ORDER
C20-1473-JCC
PAGE - 1

*Ramirez*, 141 S. Ct. 2190, 2208 (2021). This is because Mr. Jaffe's reports identify only mismatched personal identifiers, *e.g.*, social security numbers and dates of birth. (*See, e.g.*, Dkt. No. 166 at 8–71.) While this is *indicative* of a misattributed or erroneous health record, it is *not* direct evidence of injury. And Ms. Nuss' analysis, which purports to be such evidence, pertains to only a small subsection of prospective class members. Whether this, alone, supports the type of concrete and particularized injury necessary for class-wide standing is debatable. *See TransUnion*, 141 S. Ct. at 2203.

Accordingly, Plaintiff is DIRECTED to provide the Court a supplemental brief on this issue. It should be supported by evidence sufficient to reasonably assure the Court that Plaintiff can demonstrate class-wide standing for both classes should this matter proceed to trial. Plaintiff's brief shall not exceed 14 pages (excluding attachments) and is due January 5, 2024. Defendant's response shall similarly not exceed 14 pages (excluding attachments) and is due January 19, 2024. Plaintiff's reply shall not to exceed 7 pages (excluding attachments) and is due January 26, 2024.

The Clerk is DIRECTED to renote Docket Numbers 166, 167, 183, 184, 185 to January 26, 2024.

DATED this 6th day of December 2023.

Ravi Subramanian
Clerk of Court

s/Samantha Spraker
Deputy Clerk
