UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES HEALY, et al., on behalf of themselves and all others similarly situated,
Plaintiffs,

v.

MILLIMAN, INC., d/b/a INTELLISCRIPT,
Defendant.

CASE NO. 2:20-cv-01473-TL

ORDER FOR ADDITIONAL INFORMATION REGARDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pending before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Dkt. No. 255. Having reviewed the motion and the relevant record, the Court ORDERS the Parties to provide the following additional information and revised or additional documents:

(1) **Revised document:** The settlement states that only those who properly object may appear at the Final Approval Hearing. Dkt. No. 256-1 at 15. However, the notice does not clearly explain this and suggests that one need only ask the Court for permission to speak. *Id.* at 49, 56. The Parties SHALL modify the notice to make clear the what an individual must do to be able to speak at the Final Approval Hearing. The Parties SHALL provide a revised notice reflecting these changes.

(2) **Additional information:** The Parties SHALL inform the Court whether the Parties have determined if a significant portion of the class does not speak English and, if so, whether class notice in other language(s) should be provided.

(3) **Additional document:** The Parties SHALL provide a declaration or declarations from proposed class counsel describing: (a) the settlement administrator selection process; (b) how many settlement administrators submitted proposals; (c) class counsel's firms' history of engagements with the proposed settlement administrator over the last two years, including any financial relationship and any large gifts over $500; and (d) class counsel's assessment of whether settlement funds held in escrow will be held in a manner in the best interest of the class, including consideration of interest, risk, and administrability, and the basis for that assessment.

(4) **Additional document:** The Parties SHALL provide a declaration from the proposed settlement administrator that describes (a) any amounts that class members or claimants could be charged by the administrator, its vendors, or its subcontractors in connection with the settlement, including interchange fees, dormancy fees, or retention of residual balances, and what notices will be provided at which stages about such charges; (b) the settlement administrator's commitment to correct any of its errors and maintenance of insurance in case of errors; (c) whether data about visitors to the settlement website or other settlement class data will be shared with third parties not involved in administering the settlement, including via trackers or pixels; (d) whether artificial intelligence will be used to administer the settlement by the administrator, its subcontractors, or its vendors and, if so, what safeguards will ensure accuracy; and (f) any situations in which the administrator resigned or was terminated or suspended from its settlement administration duties before they were fully completed, and a description of why.

(5) **Revised document:** So that claimants can properly assess which payment option is best for them, the Parties SHALL modify the Claim Forms to include (a) any fee(s) that may apply to payment by a Virtual Prepaid Card; and (b) the timeframe within which a check must be cashed for it to be valid. The Parties SHALL submit revised claim forms for the Court's approval.

The Parties are hereby ORDERED to provide the requested information and revised documents by December 11, 2026.

//

//

//

//

The Clerk is DIRECTED to re-note the Motion for Preliminary Approval (Dkt. No. 255) to December 11, 2026.

Dated this 20th day of November, 2026.

Tana Lin
United States District Judge